# IN THE U.S. BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE
## CHAPTER 13 PLAN

   **X**  Original    ___ Amended Pre-Confirmation    ___ Modified Post-Confirmation

**IN RE: Johnathan Wilson**                    **CASE NUMBER: 10-34861**
      **Debtor(s)**

1. **PLAN PAYMENT/TERM.** The debtor shall make plan payments of **$ 152.00** on a _____ weekly; **X** bi-weekly; ____ Semi-monthly; or ____ Monthly basis over a term of **60** months by ____ direct pay or **X** wage orders. If payments are by wage order, debtor(s) shall be responsible for making plan payments directly to the Trustee until the employer commences wage order deductions. Debtor(s) shall commence plan payments not later than 30 days from the date of filing; provided, however, if the bankruptcy filing fee and/or pre-confirmation adequate protection payments are required to be made by the Trustee, a full month of plan payments shall be made by the debtor(s) within thirty (30) days from the date of filing.

2. **TAX REFUNDS:** In addition to the above plan payments, debtor(s) tax refunds and/or earned income credits shall be paid into the plan as follows: ____ none; ____ all: or, **X** in excess of **$ 500.00**. A tax intercept order shall be issued for the debtor(s)' tax refund to be remitted directly by the Internal Revenue Service to the Trustee with the Trustee refunding debtor(s)' portion of the tax refund. If the debtor(s) is delinquent in plan payments at the time of tax intercept, then the entire tax refund/credit shall be paid into the plan with the debtor(s)' portion of the refund applied to the plan arrearage and the balance, if any, refunded to the debtor. In the event of a joint tax refund, debtor to supply affidavit from non-filing spouse necessary for tax refund distribution herein.

3. **PROPERTY OF THE ESTATE / INSURANCE.** Debtor(s)' income and assets remain property of the estate and do not vest in the debtor until completion of the plan. Debtor(s)' shall be responsible for any and all legal or contractual insurance requirements required to be maintained on estate properties. Debtor(s) retaining possession of personal property subject to a lease or securing a claim attributable to the purchase price of personal property shall within 60 days of bankruptcy filing provide the creditor proof of full coverage insurance and maintain the same so long as the debtor shall retain possession of said property.

4. **PRIORITY EXPENSES (including ADMINISTRATIVE EXPENSES)** under 11 U.S.C. §503(b) and §1326 shall be paid in full with claims entitled to priority under 11 U.S.C. §507(b) paid in full in deferred cash payments.

    a)     Debtor(s)' **Chapter 13 attorney fees** shall be paid in the amount of **$ 2,500.00**, less **$ 200.00** previously paid by the debtor(s); and

    b)     **Tax claims** shall be paid as priority, secured or unsecured per the claim; and

    c)     **Domestic support obligations** shall be paid as priority; provided, however, any child support and/or alimony obligations which are current at the time of filing and are being paid directly or by wage order deductions shall continue with no payments by the Trustee and per 11 U.S.C. §362(b)(2)(A)(ii) no stay shall be in effect for the establishment or modification of an order for these domestic support obligations. The following, however, are 11 U.S.C. §507 (a)(1)(B) domestic support obligations which have been assigned to a governmental unit and may not be paid in full per 11 U.S.C. §1322(a)(4) in the event this is a five year plan providing for all of debtor(s) projected disposable income. Specifically, the debtor has child support and/or alimony obligation being paid as follows: _____
    _____

5. **POST PETITION** claims allowed under 11 U.S.C. §1305 shall be paid in full. The debtor(s), however, must stay current with post-petition tax obligations. In the event the debtor(s) have self-employment income, all required quarterly estimated tax payments shall be made timely. In the event the debtor(s) have income subject to withholding, the debtor(s) shall ensure that sufficient sums are withheld to cover tax liabilities. Debtor(s) shall timely file all required federal and/or state tax returns and remit any balance due with the return. Failure to comply with any of these provisions, may result in the dismissal of the case upon motion by any governmental entity and/or Trustee.

6. **NON-PRIORITY UNSECURED CREDITORS:** shall be paid pro-rata by the Trustee on a funds available basis which may exceed, but will not be less than the following dividend range: ____ less than 5; ____ 5%-20%; **X** 20% -70%, ____ 71% - 100%; or ____ 100%

7. **COSIGNED DEBT.** The following cosigned claims shall be paid by the Trustee in full at the claim contract rate of interest not to exceed 24% interest for full protection of co-debtor(s):

| Creditor | Approximate Balance | Monthly payment |
|---|---|---|
| N/A | | |

8. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** Except for the following which are assumed, all executory contracts and unexpired leases are rejected with any claim arising from rejection to be paid as unsecured: **US Cellular**

9. **NON-PURCHASE MONEY SECURITY INTEREST** lien claims of the following creditors are avoided and paid as unsecured:     **Cash Express, Quick Loans & Security Finance**

10. **QUALIFIED RETIREMENT AND / OR PENSION:** loans or claims shall be paid directly by the debtor(s) pursuant to the terms of plan administration with no payments by the Trustee.

11. **SECURED CLAIMS PAID BY THIRD PARTY:** The Trustee shall make no payments on the following secured claims which shall be paid outside the plan by the designated individual; provided, however, in the event of non-payment by the designated individual, an amended deficiency claim shall be allowed unless specifically disallowed herein.

    | **Creditor** | **Collateral** | **Designated Individual** |
    |---|---|---|

12A. **MORTGAGE AND/OR LONG TERM LIEN**: **N/A**

13. **SECURED CREDITORS / PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS:** The holders of the following allowed claims shall be paid the designated secured value, interest rate and monthly payment over the life of the plan. Any portion of the allowed claim exceeding the designated secured value shall be paid as unsecured; provided, however, the lien securing the claim shall be retained until the earlier of: (a) payment of the underlying debt determined under non-bankruptcy law; or (b) discharge under 11 U.S.C. §1328.

    Secured creditors eligible for pre-confirmation adequate payments shall be paid monthly pre-confirmation adequate protection payments by the Trustee in an amount equal to the designated monthly secured payment in the event the secured creditor circulates for entry an agreed adequate protection order. Pre-confirmation adequate protection payments shall be subject to the Trustee administrative fee and paid pro-rata to the extent funds are available in the event more than one creditor is entitled to pre-confirmation adequate protection payments.

    **PROOF OF PERFECTION BY SECURED CREDITOR, INCLUDING MORTGAGES:** Prior to the meeting of creditors, all creditors asserting a security interest in property of the estate or property of the debtor(s), must file proof that the asserted security interest has been perfected in accordance with applicable law, regardless of whether the claim is paid by the Trustee or directly by the debtor(s) **(Local Bankruptcy Rule 3001-1 (a) and (b)).**

    Claims filed as secured but not given a secured plan treatment herein shall be paid as unsecured and are subject to Trustee objection if not properly documented or perfected regardless of confirmed plan treatment

    | **Creditor** | **Collateral** | **Value** | **Payment** | **Interest Rate** |
    |---|---|---|---|---|
    | Green Bank | 2001 Nissan Frontier | $6,987.50 | $140.00 | 3.25% |

14. **SURRENDERED COLLATERAL:** Debtor(s) surrender the following collateral and the secured creditor, unless noted otherwise, shall be paid an amended deficiency claim which shall relate back to a <u>timely</u> filed secured claim. In order for the amended deficiency claim to relate back to the original claim, the amended claim must be filed within ninety (90) days from the claims bar date unless the creditor seeks and is granted additional time within which to file any amended deficiency claim.

    | **Creditor** | **Collateral** |
    |---|---|
    | N/A | |

15. **SPECIAL PROVISIONS:**



    DATE   10/06/2010       /s/Johnathan Wilson
                            **Debtor**

    /s/ Cynthia T. Lawson_____, Debtor's Attorney; State Bar Code 018397
    Cynthia T. Lawson, Bond, Botes & Lawson, P.C., 6704 Watermour Way, Knoxville, TN 37912 (865) 938-0733